```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
CONOPCO, INC.,                          :
                                        :
                    Plaintiff,          :
                                        :
         -against-                      :   05 Civ. 09899 (RJH)(THK)
                                        :
                                        :
DINA WEIN, et al.,                      :   MEMORANDUM OPINION AND
                                        :          ORDER
                                        :
                    Defendants.         :
----------------------------------------X
```

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

In a Memorandum Opinion and Order, dated July 23, 2007 ("the July 23 Order"), the Court denied Defendants' motion to quash a subpoena issued to the North Fork Bank ("NFB"), seeking bank records relating to (1) various corporate entities organized and/or operated by Defendant Dina Wein ("Wein"), and (2) a number of so-called family trusts created by Wein. In its Opinion, the Court concluded that the records sought in the subpoena were relevant to this proceeding and were reasonably calculated to lead to the discovery of admissible evidence because they could provide evidence of:

> 1) Wein's participation in the conduct of a RICO enterprise through a pattern of racketeering activity, (2) the use of income that is derived from racketeering activity to operate the RICO enterprise, and (3) evidence of a conspiracy in which income derived from a pattern of racketeering activity is used to operate the RICO enterprise. In short, the money Wein either invests in or receives from the alleged RICO conspiracy may be evidence of how the enterprise operates, and of the role Wein plays in the enterprise.

(July 23 Order, at 6-7.)

Defendant Wein now moves for reconsideration of the July 23 Order solely with respect to its application to five NFB accounts: the Reis Wein Family Trust, the Wein Reis Investment Trust, the Wein Reis Investment Trust II, the Wein Reis Investment Trust III, and the Wein Reis Investment Trust IV (collectively the "Trust Accounts").[1] Wein contends that the account records for the Trust Accounts contain at least some "strictly personal" information, similar to other information that the Court, in previous discovery orders, permitted Wein to withhold from production. Wein asserts a privacy interest in the confidentiality of such records, and seeks permission to review and redact from the records strictly personal financial information (unrelated to the sampling and promotional programs that are the subject of this litigation, or involving transfers of funds solely between personal accounts). Plaintiff opposes the motion, arguing that Defendant Wein has failed to point to any controlling legal authority or facts that the Court overlooked in issuing the July 23 Order. (See Plaintiff's Memorandum of Law in Opposition to Defendant Dina Wein's Motion for Reconsideration of the July 23, 2007 Order ("Pl.'s Mem.").)

## DISCUSSION

I. Applicable Law

---

[1] These are not the family trusts for which Mr. Moskowitz serves as a co-trustee, which, according to Mr. Moskowitz, relate solely to the management and control of personal assets intended for the benefit of Wein's children. (See Affidavit of Avraham C. Moskowitz, Esq., dated June 28, 2007, ¶¶ 4-5.)

2

A party moving for reconsideration of a Court Order must demonstrate that the Court overlooked controlling decisions or factual matters that were put forth in the underlying proceeding, and that might reasonably be expected to alter the conclusion reached by the court. See Civil Rule 6.3 of the Southern District of New York; Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000); Jones v. Donnelly, 487 F. Supp. 2d 418, 419 (S.D.N.Y. 2007) (citing SEC v. Ashbury Capital Partners, L.P., No. 00 Civ. 7898 (RCC), 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)). Such reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Jones, 487 F. Supp. 2d at 419 (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). It is not a "second bite at the apple" for a party dissatisfied with a court's ruling, see Fesco Ocean Mgmt. Ltd. v. High Seas Shipping Ltd., No. 06 Civ. 1055 (NRB), 2007 WL 1406624, at *1 (S.D.N.Y. May 9, 2007) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)), nor is it an opportunity to "advance new facts, issues or arguments not previously presented to the court," Frierson-Harris v. Hough, No. 05 Civ. 3077 (DLC), 2007 WL 1343843, at *1 (S.D.N.Y. May 8, 2007) (quoting Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)). "A motion for reconsideration may not treat 'the court's initial decision as the opening of a dialogue in which that party may then

use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Frierson-Harris, 2007 WL 1343843, at *1 (quoting Questrom v. Federated Dep't Stores, Inc., 192 F.R.D. 128, 131 (S.D.N.Y. 2000)).

II. Application

Defendant Wein's primary argument in support of her motion is that the Court purportedly overlooked its prior Order where it excluded from production Defendant Wein's strictly personal financial information. (See Defendant Dina Wein's Memorandum of Law in Support of the Motion for Reconsideration of the July 23, 2007 Order, dated Aug. 7, 2007 ("Def.s' Mem.").) That argument is specious, as the Court made specific reference to its earlier Order in addressing the motion to quash the subpoena. (See July 23 Order, at 3.)

Wein otherwise argues that the scope of the subpoena is overbroad and seeks personal financial information in which Wein has a privacy interest. That argument, however, is precisely the argument Defendants made in seeking to quash the subpoena, among others, and the Court rejected it. It therefore does not provide a legitimate basis for a motion for reconsideration.

In any event, even if the Court were to consider Defendant's position de novo, it would be rejected. There was a time earlier in the litigation, and in a different context, when the Court was prepared to accept Defendant Wein's assertions — that Mr. Acevedo

4

served as her personal, as well as business, accountant, and her personal financial matters had no relevance to the RICO and fraud claims asserted by Plaintiff. Thus, in order to respect Wein's privacy concerns, the Court concluded that Mr. Acevedo's documents bearing solely on Wein's personal financial matters should be excluded from production to Plaintiff. Based upon more recently acquired evidence proffered by Plaintiff, however, which has not been disputed by Wein, it now appears that Wein's so-called personal accounts and financial matters are not so distinct from her business affairs. As described in the July 23 Order, there is evidence that funds have been transferred between Wein's "personal" and corporate accounts, in part to facilitate the purchases of consumer goods which are at issue in this litigation. Therefore, financial transactions in Wein's "personal" accounts may lead to evidence of how the alleged RICO enterprise operates, and the role Wein plays in the enterprise. In light of this evidence, and taking into consideration the fact that Wein's financial information, personal or otherwise, is not privileged, the Court sees little reason to permit Wein to produce selective entries from her bank accounts based on her and her attorneys' assessment of what pertains to "strictly personal," as opposed to business matters.

Instead, the Court reiterates that the financial information produced in discovery can be subject to a Confidentiality Order.

5

If, as Defendants assert, the Confidentiality Order presently in place in this action does not, by its terms, apply to Wein's financial information, the parties are hereby directed to amend the Order so that it does provide such coverage.

Defendant's motion for reconsideration is denied.

SO ORDERED.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       August 23, 2007