UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

CONOPCO, INC.,

                 Plaintiff,

       -against-

                                 : 05 Civ. 09899 (RJH)(THK)

DINA WEIN, et al.,

                                 : **MEMORANDUM OPINION AND**
                                               **ORDER**

               Defendants.

------------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Presently before the Court is Defendant' joint motion to quash a subpoena issued to Anna-Genelle Oscard ("Oscard"), who was employed as Defendant Dina Wein's personal assistant from December 20, 2006 through approximately January 26, 2007. The subpoena seeks documents relating to 244 entities, corporate and otherwise, as well as 131 individuals. It also seeks, inter alia, (1) any financial statements and information concerning any of the entities owned or controlled by Defendant Wein, (2) documents reflecting any payments received by Oscard from Wein or any entity owned or controlled by Wein, (3) all communications between Oscard and representatives of the companies identified in the subpoena, and (4) documents identifying any financial institutions used by Wein and the entities identified in the subpoena. (See Subpoena, attached as Exhibit ("Ex.") A to Affidavit of Joseph P. Goldberg, Esq. In Support of Motion to Quash Plaintiff's Subpoena, dated July 3, 2007.) Defendants contend that the subpoena is defective because: (1) it seeks the production of privileged attorney-client

communications; (2) it seeks Wein's private financial information,
to which Plaintiff is not entitled; (3) it seeks confidential
proprietary information of the 244 entities identified in the
subpoena, which has no relevance to the allegations in the First
Amended Complaint; and (4) it seeks disclosure of information post-
dating March 2006, a cutoff for discovery production previously set
by the Court. (See Defendants' Joint Memorandum of Law in Support
of Motion to Quash Plaintiff's Subpoena Directed to Anna-Genelle
Oscard, dated July 3, 2007 ("Defs.' Mem.").)   Plaintiff responds
that the instant motion "is yet another tactic to block discovery
of relevant information from a third-party witness who was employed
as a personal assistant to Defendant Dina Wein. . . ." (Plaintiff's
Memorandum of Law in Opposition to Defendants' Joint Motion to
Quash Subpoena Directed to Non-Party Anna-Genelle Oscard, dated
July 23, 2007 ("Pl.'s Mem.").)

## DISCUSSION

### I. Background

The Court has issued numerous decisions addressing discovery
disputes in this intensely litigated action, and, therefore, will
only briefly describe the context in which the instant dispute
arises.

Plaintiff's First Amended Complaint alleges fraud and federal
RICO claims, in addition to claims of breach of contract, breach of
an implied duty of good faith and fair dealing, and unjust

2

enrichment. (See First Amended Complaint, dated June 2, 2006 ("First Am. Compl.").) Defendant Wein is alleged to be the President and owner of the various corporate Defendants, all allegedly formed for purposes of advancing the fraudulent scheme outlined in the First Amended Complaint. (See id. ¶¶ 1, 5, 8-10.)

Plaintiff contends that Defendants, through a variety of misrepresentations and sophisticated ruses, obtained Plaintiff's and other companies' products at substantially discounted prices, purportedly to utilize in promotional and sampling programs intended to expand the companies' markets. Instead, according to Plaintiff, Defendants diverted the products back into the wholesale market, causing economic harm to Plaintiff and the other victim companies, while unjustly enriching Defendants. (See id. ¶¶ 2, 3.)

Wein lies at the heart of the RICO enterprise alleged by Plaintiff. She is alleged to have established numerous corporate entities in order to perpetrate the fraudulent scheme against Plaintiff and other corporate victims.

In a recent decision, the Court addressed Defendants' objections to a subpoena issued to North Fork Bank, for banking records relating to many of the entities identified in the Oscard subpoena, including several trusts established by Wein. The Court denied the motion to quash and found:

> Plaintiff has made a sufficient preliminary showing that certain aspects of Wein's purportedly personal financial affairs are not strictly "personal," and cannot be distinguished from the financial affairs of the alleged

3

RICO conspiracy.

> At his deposition, Gerry Acevedo, Wein's personal and business accountant, testified that Wein's personal accounts were the source of the initial funds used to purchase products from manufacturers who Plaintiff contends were defrauded. Wein would transfer money to one of the corporate accounts and the money would be paid out to the manufacturers. When the goods were sold, the money from the sale would go into a different corporate account than the account out of which the purchase money came, and would then be transferred back to Wein's personal account. In addition, there is documentary evidence of transfers between Wein's personal account and the corporate accounts, and between Wein's so-called "Family" and "Investment" trust accounts and the accounts of Wein-controlled companies.
>
> The information sought in the subpoenaed bank accounts is therefore not strictly personal. Rather, it is likely to contain evidence of transfers of personal funds from Wein into the alleged RICO enterprise, and receipt of money by Wein from the alleged RICO enterprise.

(Memorandum Opinion and Order, dated July 23, 2007 ("July 23

Order"), at 4-5 (internal citations omitted.)   The Court further

concluded that the information

> may provide evidence of (1) Wein's participation in the conduct of a RICO enterprise through a pattern of racketeering activity, (2) the use of income that is derived from racketeering activity to operate the RICO enterprise, and (3) evidence of a conspiracy in which income derived from a pattern of racketeering activity is used to operate the RICO enterprise. In short, the money Wein either invests in or receives from the alleged RICO conspiracy may be evidence of how the enterprise operates, and of the role Wein plays in the enterprise. The subpoena is therefore "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

(Id. at 6-7.)

4

II. Application

As an initial matter, it is unlikely that Oscard is in possession of documents that correspond to the vast majority of Plaintiff's requests. According to Defendants, Oscard was subject to a confidentiality agreement while employed by Wein, "[t]hus, to the extent that Oscard currently has in her possession, custody or control confidential documents responsive to the Subpoena, Oscard is in possession of such documents without Wein's knowledge or permission." (Defs.' Mem. at 2.) It therefore appears that many of the concerns voiced by Defendants will turn out to be academic. Nevertheless, the Court will address Defendants' specific objections to the subpoena.

Defendants contend that the subpoena seeks communications subject to the attorney-client privilege, inasmuch as it seeks any documents reflecting communications with Avraham Moskowitz, Wein's and the corporate entities' attorney. Clearly, the corporate entities for whom Oscard worked have a right to assert the privilege, independent of any interest Oscard possesses. The Court previously has permitted the attorneys for the corporate entities to review documents that reflect communications with Moskowitz for privilege. While there have been disputes as to whether the privilege was properly invoked, those disputes have been or will be resolved by the Court, primarily on the basis of an _in camera_

5

review of the documents.[1]

Thus, while Defendants' concerns are well-taken, they do not provide a basis for quashing the subpoena. Rather, a protective order is appropriate, requiring Oscard to review all responsive documents in her possession for communications to or from Moskowitz, or referring to communications to or from Moskowitz, or any other attorney employed by the Defendant entities. Any such documents should first be produced to the entities' counsel for review for privilege. Within ten days of receipt of the documents, Defendants shall (1) produce those documents as to which no privilege is claimed, and (2) produce a privilege log for those documents withheld on the basis of privilege.

The second concern raised by Defendants is the potential disclosure of Wein's confidential financial information. The Court has addressed this issue in several prior Orders. Here, unlike earlier contexts in which this issue arose, there is no presumption of confidentiality in purportedly personal financial information which has been disclosed to an employee. Consistent with the Court's prior Orders, the Court directs that any information in Oscard's possession, which relates solely to Wein's strictly personal financial information, as that term has been understood in

---

[1] Because Moskowitz was authorized to review many documents generated by the corporate entities, there has been a question raised as to whether he has functioned in a business rather than legal capacity.

6

this litigation, shall be subject to a confidentiality order.
There is no reason to quash the subpoena on this ground.

Defendants also argue that the subpoena seeks documents concerning the confidential proprietary financial information of 244 entities, many of which have no relevance to this action. Again, it is highly unlikely that Oscard possesses such documents, and, if she does, they are likely to pertain to a limited number of the entities identified in the subpoena.   Moreover, given the nature of this litigation, the financial  information is not likely to be proprietary in the common sense of that term — i.e., information relating to pricing and marketing, which a competitor could use to Defendants' disadvantage.

The Court declines Defendants' request to limit the subpoena to documents relating to the named Defendants, or only to entities organized and/or controlled by Wein, which engage in sampling and promotional programs.    Given the nature of the alleged RICO enterprise, and the fraudulent acts alleged, information relating to other entities organized and/or controlled by Wein may be relevant, or could lead to the discovery of admissible evidence. If any such information is produced in response to the subpoena, Defendants may seek the protection of a confidentiality order, where appropriate.

Finally, Defendants object to the production of any documents that post-date March 2006.  They rely on earlier Court Orders which

7

placed a limit on their own discovery obligations, as well as on subpoenas to third-parties with whom they engaged in business. Their reliance on these Orders, however, is misplaced. The Court set time parameters in order to spare Defendants the burden of continual updating of their document production, and to protect them from interference with ongoing business relationships. Neither of those concerns is at issue with respect to the subpoena issued to Oscard, a former employee.

## CONCLUSION

For the reasons set forth above, Defendants' motion to quash the subpoena issued to Anna-Genelle Oscard is denied.

So Ordered.

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: August 24, 2007
      New York, New York

8