THE BROWN LAW GROUP, P.C.
ATTORNEYS AT LAW
TWO GRAND CENTRAL TOWER
140 EAST 45TH STREET
NEW YORK, NEW YORK 10017

RODNEY A. BROWN

MELISSA ALCANTARA
JULIA GAVRILOV
SUDAKSHINA SEN
RYAN J. WHALEN

TEL (212) 421-1845
FAX (212) 421-8418
EMAIL: INFO@BLG-PC.COM


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/09

CONFIDENTIAL:
FILED UNDER SEAL

January 15, 2009

**BY HAND DELIVERY**

The Honorable Richard J. Holwell
Daniel Patrick Moynihan Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007


RECEIVED
JAN 16 2009
RICHARD J. HOLWELL

Re:   **Conopco, Inc. d/b/a Unilever v. Dina Wein, et al.
      Case No. 05-CV-9899 (RJH)(THK)**

Honorable Sir:

We are the attorneys for Plaintiff Conopco, Inc. d/b/a Unilever in the above-referenced action.

We are writing in response to the Court's request that Plaintiff submit a memorandum setting forth the Court's jurisdictional basis to enter Plaintiff's proposed judgment against Defendant Dina Wein ("Wein"). Plaintiff's proposed judgment arises from Wein's default on the Settlement Agreement entered into between these parties on December 28, 2007. Plaintiff has prepared a submission (a memorandum and affirmation in support) setting forth the basis for the Court's jurisdiction. However, as set forth below, Plaintiff respectfully requests to withdraw without prejudice its motion to enter the proposed judgment. Thus, Plaintiff will not at this time submit the memorandum and affirmation in support of the Court's jurisdiction.

Lest silence be construed as acquiescence, Plaintiff sets forth that the basis for the Court's jurisdiction is provided for in the transcript of the November 2, 2007 conference presided over by Magistrate Judge Katz. During the November 2nd conference, I read into the record in open court the settlement between Plaintiff and Defendants (the "Record Settlement"). A copy of the pertinent pages of the transcript of the November 2, 2007 conference setting forth the terms of the Record Settlement is annexed hereto as Ex. 1.[1] As reflected in the written transcript

---

[1] The transcript of the November 2, 2007 Record Settlement contains a significant transcription error: the speaker identified as "The Court" is me, not Magistrate Judge Katz. I confirmed this by listening to the accompanying compact disc, which we received from Mr. Sean Feuer of the Southern District of New York's courtroom technology office.

THE BROWN LAW GROUP, P.C.

The Honorable Richard J. Holwell  CONFIDENTIAL: FILED UNDER SEAL
January 15, 2009
Page 2

and the audio file of Record Settlement, a provision of the Record Settlement is that the Court would have "continuing jurisdiction until the last payment [due under the Settlement Agreement] is made." Id. 3; 17-18.

After Plaintiff's submission of the proposed judgment, Mr. Kiefer, Wein's counsel in the pending criminal action against Wein in the United States District Court for the Southern District of Indiana (the "Criminal Action"), submitted a letter to the Court dated December 24, 2008. Mr. Kiefer argues in his letter that Judge McKinney's Order dated October 27, 2008 (the "seizure order") in the Criminal Action conflicts with Plaintiff's proposed judgment in that the Collateral identified for sale in the proposed judgment is the same Collateral identified in the seizure order that is enjoined from being sold and/or transferred.[2]

Plaintiff disagrees with Mr. Kiefer's argument that the proposed judgment necessarily conflicts with the seizure order. However, in light of recent events, which are set forth below, Mr. Kiefer's concern that the sale of Collateral by Plaintiff could violate the seizure order is likely to be soon made moot.

Over the last two weeks, I have had several telephone conversations with Assistant United States Attorney Winfield Ong, the prosecutor in the Criminal Action in the Southern District of Indiana. During these telephone conversations, AUSA Ong advised me that his office will soon apply for an order from the District Court in the Southern District of Indiana, seeking relief from the seizure order to the extent necessary to permit Unilever to (i) sell certain necessary Collateral (in which Unilever holds a perfected security interest) in order to recover the amount due pursuant to the Settlement Agreement; and/or (ii) otherwise permit Wein to pay the amount due pursuant to the Settlement Agreement.[3]

As such, given that Wein concedes her default on the Settlement Agreement in the amount of $375,000, and that the seizure order in the Criminal Action will likely be modified in a manner expressly permitting Plaintiff to collect the amount due under the Settlement Agreement, Plaintiff does not believe it is necessary to seek entry of the proposed judgment. Accordingly, it is respectfully requested that the Court permit Plaintiff to withdraw the proposed judgment at this time without prejudice.

Application Granted
SO ORDERED
[signature]
USDJ 1/22/09

Respectfully submitted,

[signature]
Rodney A. Brown

RAB:jw

---

[2] In Mr. Kiefer's letter to the Court, he concedes Wein's default under the Settlement Agreement and also does not dispute this Court's jurisdiction over the Settlement Agreement.

[3] Long before the entry of the seizure order, Unilever perfected its security interest against the Collateral by duly filing U.C.C. 1's and becoming the custodian of the Collateral at Crozier.